IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. PORTEE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SANTA CLARA, et al., <br><br> Defendants. | No. C 08-03566 JW (PR) <br><br> ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a state prisoner at the Correctional Training Facility in Soledad, California, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against the County of Santa Clara and its employee. Plaintiff was granted leave to proceed in forma pauperis. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.08\Portee03566_dwlta.wpd

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that Defendant James Norris, an employee of Santa Clara County, unlawfully destroyed DNA evidence which potentially could have exonerated plaintiff. Plaintiff claims that defendant Norris' actions deprived him of the opportunity to make a "conclusive showing of actual innocence," resulting in the violation of plaintiff's rights to due process and freedom from cruel and unusual punishment under the Eighth Amendment. (Pet. 3.) Liberally construed, this claim is cognizable under § 1983.

Plaintiff also alleges that Santa Clara County is liable for its failure to properly train its employees whose conduct resulted in the violation of plaintiff's constitutional rights. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort and therefore may be sued directly under § 1983 for monetary relief for the violation of federal rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). But proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. See McDade v. West, 223 F. 3d 1135, 1142 (9th Cir. 2000); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989). To impose municipal liability under

1  § 1983 for a violation of constitutional rights a plaintiff must show: (1) that he
2  possessed a constitutional right of which he was deprived; (2) that the municipality
3  had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's
4  constitutional rights; and (4) that the policy is the moving force behind the
5  constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130
6  F.3d 432, 438 (9th Cir. 1997).

7  In his complaint, Plaintiff names Santa Clara County as a defendant, but does
8  not set forth sufficient allegations to establish a basis for municipal liability.  More
9  specifically, plaintiff does not allege that Santa Clara County had any policy which
10 resulted in the alleged constitutional deprivation.  Without adequate allegations of an
11 unconstitutional Santa Clara County policy, this claim cannot proceed.  Accordingly,
12 this claim is DISMISSED with leave to amend to cure these deficiencies.

13 **If plaintiff wishes to proceed only with the claims against defendant**
14 **Norris, he must still file an amended complaint.  The amended complaint**
15 **should only state the claims against defendant Norris, and not name Santa**
16 **Clara County as a defendant.**

## CONCLUSION

19 In light of the foregoing, the Court hereby orders as follows:

20 1. The complaint is DISMISSED with leave to amend within **thirty (30)**
21 **days** from the date this order is filed to cure the deficiencies described above.  The
22 amended complaint must include the caption and civil case number used in this
23 order (08-03566 JW (PR)) and the words FIRST AMENDED COMPLAINT on the
24 first page.  Because an amended complaint completely replaces the previous
25 complaints, Plaintiff must include in his amended complaint all the claims he wishes
26 to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963
27 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the
28 prior complaint by reference.  **Failure to file an amended complaint in**

**accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

DATED: January 14, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DAVID PORTEE et al,

        Plaintiff,

  v.

COUNTY OF SANTA CLARA, et al.

        Defendants.

Case Number: CV08-03566 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   1/15/2009  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


David B. Portee C-50736
State Prison Correctional Training Facility Soledad
P O. Box 689
Soledad, CA 93960


Dated:   1/15/2009

                          Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk