*E-Filed 5/28/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID B. PORTEE, | No. C 08-3566 RS (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| COUNTY OF SANTA CLARA, et al., | |
| Defendants. / | **INSTRUCTIONS TO CLERK** |

  This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983 against defendants Bert Caro and James Norris for unlawfully destroying evidence which may have exonerated plaintiff. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A. Standard of Review**

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). Pro se pleadings must nonetheless be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants Bert Caro, an investigator with the San Jose Police Department, and James Morris, a criminalist with the San Jose Police Department, violated plaintiff's right to due process and to be free from cruel and unusual punishment by destroying evidence that may have exonerated him. Liberally construed, plaintiff's claims are cognizable under § 1983.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon the following defendants at the San Jose Police Department: Bert Caro, an investigator, and James Norris, a criminalist. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*,

1  315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810
2  (2003).

3         b.    Any motion for summary judgment shall be supported by adequate
4  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
5  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
6  qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion
7  that this case cannot be resolved by summary judgment, he shall so inform the Court prior to
8  the date the summary judgment motion is due.

9      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and
10  served on defendants no later than forty-five (45) days from the date defendants' motion is
11  filed.

12         a.    In the event the defendants file an unenumerated motion to dismiss
13  under Rule 12(b), plaintiff is hereby cautioned as follows:

14      The defendants have made a motion to dismiss pursuant to Rule 12(b) of the
15  Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative
16  remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you
17  are suing makes a motion to dismiss for failure to exhaust, and that motion is properly
18  supported by declarations (or other sworn testimony) and/or documents, you may not simply
19  rely on what your complaint says.  Instead, you must set out specific facts in declarations,
20  depositions, answers to interrogatories, or documents, that contradict the facts shown in the
21  defendant's declarations and documents and show that you have in fact exhausted your
22  claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if
23  appropriate, may be granted and the case dismissed.

24         b.    In the event defendants file a motion for summary judgment,
25  the Ninth Circuit has held that the following notice should be given to plaintiffs:

26      The defendants have made a motion for summary  judgment by which they
27  seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the

28

**United States District Court**
For the Northern District of California

Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**.

DATED: May 27, 2010

RICHARD SEEBORG
United States District Judge

No. C 08-3566 RS (PR)
ORDER OF SERVICE

5