*E-Filed 9/13/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID B. PORTEE,

    Plaintiff,

    v.

J. ALVARADO, et al.,

    Defendants.

No. C 08-3566 RS (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion for summary judgment is GRANTED as to all claims against all defendants.

## BACKGROUND

The undisputed facts are as follows. In 1982, plaintiff was convicted in state court on multiple counts, including robbery, kidnapping, and rape, and was sentenced to 22 years and eight months, to be served concurrently with two life terms. After the state appellate court affirmed the convictions, plaintiff filed a motion to preserve the evidence in his case. In 1986, the state superior court granted the motion.

In 2004, petitioner attempted to have a piece of the evidence (a semen stain on a white

slip worn by one of the victims) tested for DNA identification purposes. In 2007, the San Jose Police Department informed plaintiff that all evidence pertaining to his case had been destroyed. Defendants assert that the evidence was destroyed in 1991, approximately ten years after plaintiff's arrest. In the instant matter, plaintiff claims that the destruction of this evidence violated his rights (1) under the state court's preservation order; and (2) the Due Process Clause. Plaintiff also claims that (3) defendants' actions constituted negligence.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). On an issue for which the non-moving party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, show that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes

summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

**II.  Claims**

    **A.  Alleged Violation of State Superior Court Order**

Plaintiff's claim, insofar as it is based on an alleged violation of the state superior court order, fails. Section 1983 provides a cause of action only for deprivations of federal constitutional or statutory rights. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Court orders do not establish rights actionable under § 1983. *See Middlesex County Sewerage Authority v. National Sea Clammers Assoc.*, 453 U.S. 1, 20 (1981). There are other remedial devices, such as contempt proceedings, available to ensure enforcement of court orders. *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986). Because the state superior court order cannot serve as the basis for § 1983 liability, defendants' motion for summary judgment is GRANTED.

    **B.  Due Process**

Plaintiff also claims that defendants violated his right to due process by destroying evidence. The government has a duty under due process to preserve material evidence, i.e., evidence whose exculpatory value was apparent before it was destroyed and that is of such a nature that the defendant cannot obtain comparable evidence by other reasonably available means. *See California v. Trombetta*, 467 U.S. 479, 489 (1984); *Grisby v. Blodgett*, 130 F.3d 365, 371 (9th Cir. 1997). The exculpatory value of the evidence must be "apparent"; the possibility that evidence could have exculpated a defendant if preserved and tested is insufficient to satisfy the standard of constitutional materiality in *Trombetta*. *Arizona v. Youngblood*, 488 U.S. 51, 56 n.* (1988). In addition, a petitioner must show bad faith on the part of the police in destroying the evidence. "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58 (1988). "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the

police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Id.* at 56 n.* (citations removed).

Plaintiff has not shown that his due process rights were violated. First, he not shown that the untested semen sample had exculpatory value apparent before it was destroyed. As it was untested, there was no exculpatory value apparent prior to the destruction. Second, even if DNA testing showed that the semen sample was not plaintiff's, he has not alleged any facts or presented any evidence of an exculpatory nature. Viewing the evidence in a light most favorable to plaintiff, it may have shown at most that the slip came into contact with semen not originating from plaintiff. He has not shown how this overcomes, or even challenges, the evidence supportive of his guilt that was presented at trial, or raises the possibility that the outcome of the proceeding would have been different, *U.S. v. Bailey*, 473 U.S. 667, 682 (1985). Third, plaintiff has not alleged, raised an inference, nor made any showing that defendants acted in bad faith, i.e., that they knew of the exculpatory value of the evidence and destroyed it all the same. Accordingly, defendants' motion for summary judgment as to this claim is GRANTED.

### C. Negligence

Negligence is a state tort, not the basis for a § 1983 claim. The Court declines to exercise supplemental jurisdiction over this claim because the federal claims have been resolved. Furthermore, negligence is insufficient to show bad faith, and therefore cannot constitute a due process violation. *See Grisby*, 130 F.3d at 371.

### CONCLUSION

Defendants' motion for summary judgment (Docket No. 33) is GRANTED. The Clerk shall enter judgment in favor of defendants as to all claims, terminate Docket No. 33, and close the file.

**IT IS SO ORDERED**.

DATED: September 12, 2011

RICHARD SEEBORG
United States District Judge